[Cite as *Auto Car Credit Co., Inc. v. Grissom*, 2012-Ohio-6037.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| AUTO CAR CREDIT CO., INC. | : | |
| | : | Appellate Case No. 25334 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CVF-658 |
| v. | : | |
| | : | |
| CHAUNCEA GRISSOM | : | (Civil Appeal from Montgomery County |
| | : | Municipal Court-Eastern Division) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 21st day of December, 2012.

. . . . . . . . . . .

JAMES D. BROOKSHIRE, Atty. Reg. #0056200, Dungan & LeFevre Co., LPA, 210 West Main Street, Troy, Ohio 45373
      Attorney for Plaintiff-Appellee

CHAUNCEY A. GRISSOM, 382 Glenside Court, Trotwood, Ohio 45426
      Defendant-Appellant, *pro se*

. . . . . . . . . . . .

HALL, J.

{¶ 1} Chaunceya Grissom appeals pro se from the trial court's entry of a default judgment against her on appellee Auto Car Credit Co.'s ("Auto Car") complaint for money due under a vehicle-purchase agreement.

{¶ 2}    Grissom advances three assignments of error on appeal. First, she contends the trial court erred in entering a default judgment when she was not properly served with a summons and complaint. Second, she claims the trial court lacked jurisdiction over her due to the defective service. Third, she asserts that the trial court erred in overruling a motion for reconsideration.

{¶ 3}    The record reflects that Auto Car filed its complaint on June 8, 2012, alleging that Grissom had failed to make payments on a car she had purchased. Auto Car moved for a default judgment on July 17, 2012, noting that Grissom had failed to plead or otherwise defend. The trial court sustained the motion and entered a default judgment against Grissom on July 18, 2012. The trial court awarded Auto Car $12,000 plus interest and costs. Grissom moved for reconsideration on August 15, 2012, arguing (1) that the car had been repossessed and resold and (2) that she had not received demands for payment and was unaware the debt still existed. While her motion for reconsideration remained pending, Grissom filed this timely appeal from the trial court's default judgment.

{¶ 4}    In her first assignment of error, Grissom contends the default judgment must be vacated because she was not properly served. In her opening brief, Grissom argues that the Montgomery County Clerk of Courts never served her with a summons and complaint, and that she was never informed about the time within which she was required to appear and defend. Grissom further asserts that she was never informed that a default judgment would be entered if she failed to appear and defend. In her reply brief, Grissom acknowledges signing for and receiving a copy of Auto Car's complaint. She insists, however, that she was not given a copy of the summons. Instead, she maintains that she was shown a summons when she signed a certified-mail receipt.

**{¶ 5}** Upon review, we find Grissom's first assignment of error to be without merit. The record contains a copy of a summons to Grissom. It reads:

> To the Above Named Defendant,
>
> YOU ARE HEREBY summoned that a complaint (a copy of which is hereto attached and made a part thereof) has been filed against you in this court by the plaintiff(s) named herein. You are required to answer said complaint within *28 days* after service of this summons upon you, exclusive of the day of service.
>
> You are required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if he/she has no attorney of record, a copy of your answer to the complaint.
>
> Said answer must be filed with this court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

(Doc. #2).

**{¶ 6}** The foregoing summons bears "Certified Article Number 7196 9008 9111 3523 7912." The next item in the record is a certified-mail return receipt signed by Grissom. It indicates that she received Certified Article Number 7196 9008 9111 3523 7912 on June 13, 2012. (Doc. #3). In light of this evidence, we are unpersuaded by Grissom's bare assertion that she was not served with a copy of the summons.[1] *Leman ex rel. Estate of Leman v. Fryman*, 1st Dist. Hamilton No. C-010056, 2002-Ohio-191 (rejecting an "argument that a judgment

---

[1] Auto Car contends the trial court also has rejected Grissom's claim about a lack of proper service based on evidence presented during a hearing on her motion for reconsideration. But those matters are not properly before us. *See infra* at ¶8.

entered upon a properly served summons and complaint must be vacated upon the defendant's claim that he or she did not receive service"). The first assignment of error is overruled.

{¶ 7}    In her second assignment of error, Grissom claims the trial court lacked jurisdiction to enter a default judgment due to the allegedly defective service upon her. Grissom contends "[t]here is nothing in the record to indicate that an express or certified mailing was sent to appellant." We disagree. The record contains a certified-mail return receipt signed by Grissom evidencing the fact that she was served with a copy of the summons and complaint. Therefore, her argument that the trial court lacked jurisdiction over her due to defective service is unpersuasive. The second assignment of error is overruled.

{¶ 8}    In her third assignment of error, Grissom asserts that the trial court erred in overruling her motion for reconsideration. The trial court apparently held a hearing on the motion and then denied it. The propriety of the trial court's ruling on the motion is not properly before us, however, because the hearing and the ruling both occurred after Grissom had filed a notice of appeal from the default judgment. *Sullivan v. Curry*, 2d Dist. Montgomery No. 23293, 2010-Ohio-5041, ¶54 (recognizing that an appellate court cannot consider matters in the record that occurred after the filing of a notice of appeal). The third assignment of error is overruled.

{¶ 9}    The judgment of the Montgomery County Municipal Court is affirmed.

. . . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.

Copies mailed to:

James D. Brookshire
Chaunceya Grissom
Hon. James A. Hensley, Jr.